IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JIMMY D. BRUNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 9:07-CV-301 |
| v. | § | |
| | § | |
| COMMISSIONER, SOCIAL SECURITY | § | JUDGE RON CLARK |
| ADMINISTRATION, | § | |
| | § | |
| Defendant. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The court referred the above-entitled and numbered civil action to United States Magistrate Judge Judith K. Guthrie. The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition. Plaintiff filed objections. This court has made a *de novo* review of Plaintiff's objections and determined that the objections lack merit, but will address one issue raised by Plaintiff in his objections in this Order.

The ALJ stated in his decision that "During the relevant period of this decision [March 30, 1997 - September 30, 1998], there is no evidence of any ongoing psychiatric treatment nor is there any evidence he was ever prescribed psychotropic medication during this period." Tr. at p. 16. Plaintiff argues that this statement is incorrect, alleging that there are several places in the record which indicate he was taking the anti-depressant psychotropic drug Elavil during the relevant period. These references are as follows: (1) the August 4, 1997 record of Plaintiff's physiatrist, Dr. Gwenevere Williams, which notes Plaintiff is taking 150 mg of Elavil daily, Tr. at p. 526; (2) the October 13, 1997 record of Dr. Williams, which notes that Plaintiff's Elavil intake has been

1

decreased to 100 mg daily, Tr. at p. 541; and (3) a May 11, 1998 physician visit where the record states that "[Patient] is currently on Amitriptyline [the generic name for Elavil] and feels med. is not as effective as it has been." Tr. at p. 422. Plaintiff also testified at the administrative hearing that he was being treated for depression as early as 1995 by a Dr. Roy, but no further information regarding this claimed treatment is in the administrative record.

Plaintiff also points to two references made outside the relevant time period in his medical records. An October 15, 1998 record notes Plaintiff's prescription of 50 mg of Elavil. Tr. at p. 423. A November 5, 1998 record states that Plaintiff reported that his depressive symptoms have worsened, and that when he first was seen in the clinic he had tried to get off Elavil, but resumed the medication after all symptoms returned. This record notes that in the past, Plaintiff had been on 200 mg of Elavil daily and currently was only on 150 mg daily. According to the record, Plaintiff's Elavil dosage was again increased to 200 mg and Plaintiff could try a new antidepressant, such as Prozac or Zoloft, when he was stabilized. Tr. at p. 421. As noted by the Magistrate Judge, the evidence shows that during the critical period, Plaintiff's depressive symptoms were controlled by Elavil. Dr. Williams's October 13, 1997 report notes that Plaintiff experienced agitation from the *absence* of Elavil. Tr. at p. 541 (emphasis added). A condition remediable by treatment is not disabling. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5 th Cir. 1990); 20 C.F.R. § 404.1507.

The ALJ's statement is, at most, a technical error or mischaracterization of the record. The court will not remand this case merely because of a misstatement, where the record contains no substantial evidence of a disabling condition within the critical period, just so the ALJ can rephrase his statement. "Procedural perfection in administrative proceedings is not required." *Mays v. Brown*, 837 F.2d 1362, 1364 (5th Cir. 1988) (declining to vacate judgment "unless the substantial

2

rights of a party have been affected . . . The major policy underlying the harmless error rule is to preserve judgments and avoid waste of time.").[1] Thus, the court finds that the Magistrate Judge's findings and conclusions are correct and adopts them as the Court's findings and conclusions.

IT IS THEREFORE ORDERED that this action is DISMISSED. All motions not previously ruled on are DENIED.

So **ORDERED** and **SIGNED** this **17** day of **September, 2009.**

_____
Ron Clark, United States District Judge

---

[1] *See also Haywood v. Sullivan*, 888 F.2d 1463, 1469 n.7 (5th Cir. 1989) (where the Magistrate independently assessed post-hearing evidence of Plaintiff's mental health impairments in response to Plaintiff's assertion that the ALJ failed to consider them, "the magistrate's only purpose in considering the evidence was to determine whether the ALJ had committed error in not making findings . . . Thus, we reject Haywood's contention that the instant case should be remanded either because the magistrate acted improperly or the ALJ erroneously failed to make findings."); *Stafford v. Barnhart*, 402 F. Supp. 2d 717, 728 (E.D. Tex. 2005) ("In sum, ALJ Williams clearly misstated Dr. Beaudry's October, 1999 report. However, substantial evidence supports his substantive interpretation of the information therein. There is no reversible error on this point.").